## E. J. CARTER v. SAMUEL MARKS.

Where the defendant in a suit on a promissory note, pleaded that he was, at the commencement of the suit, a free negro man, descendant of African parents, and not competent or able to contract or be sued, it was held, on demurrer, that if it were admitted that a free negro, immigrating to Texas, cannot sue or be sued (except for his freedom) and is incapable of contracting, upon which question the Court gave no opinion, nevertheless the plea was not well pleaded for want of proper averments, showing that the defendant did not come within any of the exceptions allowed by statute.

Appeal from Hill.   Tried below before the Hon. Henry J. Jewett.

*J. A. & R. Green*, for appellant.

*Tarrant & Bradshaw*, for appellee.

LIPSCOMB, J.  The appellee, in this case, brought suit against the appellant, on a note of hand executed to Matthews and Bee ; of which note the appellee averred he was the bearer and owner.   Appellant pleaded in abatement that he "was, "at the commencement of the suit, a free negro man, descend- "ant of African parents, and not competent or able to con- "tract or be sued," &c.   To this plea the plaintiff excepted, and his exception was sustained.   The case was put to the jury on other pleas, and a verdict and judgment for the plaintiff, from which the defendant appealed.

The only error relied on, is the judgment of the Court be- low, in sustaining the exception to the plea in abatement.   If it was admitted that a free negro, immigrating to Texas, can- not sue or be sued, and is incapable of contracting, and that

he is to be regarded as an outlaw, or alien enemy, as contended by the appellant's counsel ; yet we are satisfied that the plea is not well pleaded, and was properly overruled by the Court below. It should have shown that the defendant was of African blood, and within the prohibited degree. And it should have shown that he was not residing in Texas at the date of the Declaration of the Independence of Texas, nor authorized by any Act of the Congress or Legislature of Texas to remain in Texas. By the Act of Dec. 12, 1840, (Hart. Dig., Art. 2571,) the Act of 5th February, 1840, was so modified as to exempt from its operation all free persons of color, with their families, who were residing in Texas on the day of the Declaration of Independence. The presumption is, that the appellant was residing in Texas at the date of our Declaration of Independence, as he is residing here now, unmolested, and he would hardly have the temerity to avow that he was residing here in open defiance of law, when that avowal would be likely to bring on him the penalty of the law. We decline saying anything about the supposed analogy of a free negro residing here, in contempt of the prohibitory laws of this State, to the case of an outlaw, under the English doctrine of outlawry, because it is not necessarily presented in this case. We have no doubt, however, if the analogy exists, that it would be found to be subject to some exceptions. The judgment is affirmed. The same judgment is given in the case numbered four hundred and sixty-five.

Judgment affirmed.